IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 06-155-02 |
| RUSSELL WHITMORE | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                 **APRIL 23, 2025**

In 2006 Defendant Russell Whitmore pled guilty to four counts stemming from two robberies. (*See* ECF No. 72, at 1–7; ECF No. 122.) Count I charged Defendant with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a); Counts II and III charged Defendant with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and aiding and abetting under 18 U.S.C. § 2; and Count IV charged Defendant with use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1). On February 2, 2007, this Court sentenced Defendant to 120 months imprisonment on Counts I-III followed by a consecutive 84-month term on Count IV, resulting in a total term of 204 months.

On May 23, 2016, Defendant filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction for use of a firearm during and in relation to a crime of violence under Section 924(c) (Count IV) based on *Johnson v. United States*, 576 U.S. 591 (2015). (ECF No. 223.) For the following reasons Defendant's Motion will be denied. (ECF No. 122.)

**I.    BACKGROUND**

In *Johnson*, the Supreme Court considered a constitutional challenge to the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e). 576 U.S. at 593. Under that Act, a defendant convicted of being a felon in possession of a firearm is subject to enhanced punishment if he had at least

three previous convictions for a "violent felony." *Id.* The definition of "violent felony" under the Act includes "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that this component of the definition, referred to as the "residual clause," was unconstitutionally vague. *Johnson*, 576 U.S. at 593, 606.

Here, Defendant was convicted under 18 U.S.C. § 924(c), not the provision at issue in *Johnson*, § 924(e). Section 924(c) criminalizes anyone who "during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Section 924(c) defines "crime of violence" through the "elements clause" and the "residual clause." Section 924(c)'s residual clause, while different from that addressed in *Johnson* for "violent felony" under § 924(e), is similar. Recognizing that the provisions "bear more than a passing resemblance," in *United States v. Davis* the Supreme Court held that Section 924(c)'s residual clause is also unconstitutionally vague. 588 U.S. 445, 451–52 (2019). A predicate crime must therefore satisfy the elements clause for a conviction under § 924(c) to remain valid.

II.     **DISCUSSION**

Under § 2255, a federal prisoner may seek to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Here, the key question is whether the predicate crimes upon which Defendant's Section 924(c) conviction was based are valid "crimes of violence" as defined by the elements clause. Defendant argues that crimes of Hobbs Act robbery and conspiracy to commit Hobbs Act robbery are not "crime[s] of violence" under the elements clause of Section 924(c) and that his conviction under Count IV should therefore be vacated.

2

      **A.**    **Completed Hobbs Act Robbery Is a Valid Predicate Offense Under Section 924(c).**

Defendant argues that Hobbs Act robberies do not qualify as "crime[s] of violence" under the elements clause of Section 924(c). However, the Third Circuit—agreeing with the Fourth, Eighth, and Tenth Circuits—has found that "a completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)." *United States v. Stoney*, 62 F. 4th 108, 114 (3d Cir. 2023). Therefore, Defendant's convictions for Hobbs Act robbery can serve as a valid predicate under Section 924(c).

      **B.**    **Defendant's Section 924(c) Conviction Was Based on a Completed Hobbs Act Robbery.**

Defendant contends that conspiracy to commit Hobbs Act robbery is not "a crime of violence" because it lacks an overt act requirement and does not require the use or attempted use of force. Courts in this circuit have found that "Hobbs Act conspiracy, like attempted Hobbs Act robbery, is generally acknowledged to not qualify as a § 924(c) predicate crime of violence." *United States v. Hung Ngoc Vuong*, No. 12-111, 2024 WL 1773387, at *3 (E.D. Pa. Apr. 24, 2024) (collecting cases). However, where a Section 924(c) conviction is based both on conspiracy to commit Hobbs Act robbery and completed Hobbs Act robbery, the conviction will stand. *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020) (holding that that any error in instructing the jury that conspiracy could serve as a predicate offense was harmless since the jury convicted on both charges, leaving "no reasonable possibility" the § 924(c) conviction rested solely on conspiracy); *see also Hung Ngoc Vuong*, 2024 WL 1773387, at *3 (E.D. Pa. Apr. 24, 2024) (denying defendant's motion under § 2255 "[b]ecause the record reflects that Vuong's § 924(c) conviction was predicated on both conspiracy to commit Hobbs Act robbery and a completed Hobbs Act robbery.").

Here, the Second Superseding Indictment references both conspiracy to commit Hobbs Act robbery and completed Hobbs Act robbery as predicate offenses for the Section 924(c) conviction in Count IV.  Regardless, the language in the Count IV charge and Judgment show that Defendant's Section 924(c) conviction was based on conduct associated with a completed Hobbs Act robbery.  Specifically, Count IV in the Second Superseding Indictment references conduct that occurred "[o]n or about October 1, 2005," which is the date of the completed Hobbs Act robbery in Count III, to which Defendant also pled guilty.  Count III in turn charged that Defendant, during the commission of a robbery, was "pointing a firearm at and demanding money from [the victim]. . ." (ECF No. 72 at 6.)   The record thus establishes that, although conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under Section 924(c), the completed Hobbs Act robbery in Count III was a sufficient alternative predicate offense.  Defendant's Section 924(c) conviction and sentence therefore remain valid, and his motion shall be denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion will be denied.  An appropriate order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**